O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARY A. RICHARDSON,                )    NO. EDCV 07-1608-MAN
                                   )
          Plaintiff,               )
                                   )    MEMORANDUM OPINION
     v.                            )
                                   )    AND ORDER
MICHAEL J. ASTRUE,                 )
Commissioner of Social Security,   )
                                   )
          Defendant.               )
_____)

     Plaintiff filed a Complaint on December 20, 2007, seeking review of the denial by the Social Security Commissioner ("Commissioner") of plaintiff's application for supplemental security income ("SSI").  On February 14, 2008, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  The parties filed a Joint Stipulation on September 16, 2008, in which:  plaintiff seeks an order reversing the Commissioner's decision and awarding benefits or, in the alternative, remanding the matter for further administrative proceedings; and defendant seeks an order affirming the Commissioner's decision.  The Court has taken the parties' Joint Stipulation under submission without oral argument.

### SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On June 1, 2005, plaintiff filed an application for SSI, alleging an inability to work since July 1, 2004, due to diabetes, fatigue, and hepatitis C.   (Administrative Record ("A.R.") 12, 35, 80, 91, 102.) Plaintiff has past relevant work experience as a retail cashier. (A.R. 12, 81, 94, 445.)

The Commissioner denied plaintiff's application initially (A.R. 35-39), and upon reconsideration (A.R. 41-45).   On June 13, 2006, plaintiff, who was represented by counsel, testified at a hearing before Administrative Law Judge Joseph D. Schloss ("ALJ").  (A.R. 424-47.)  On August 16, 2006, the ALJ denied plaintiff's claim, and the Appeals Counsel subsequently denied plaintiff's request for review of the ALJ's decision.  (A.R. 4-6, 12-17.)

### SUMMARY OF ADMINISTRATIVE DECISION

In his written decision, the ALJ found that plaintiff has not engaged in substantial gainful activity since July 1, 2004, the onset of her alleged disability.  (A.R. 16.)  The ALJ found that plaintiff suffers from "severe" insulin-dependent diabetes mellitus, hepatitis C, and moderate obesity, but she does not have an impairment or combination of impairments listed in or medically equal to one of the impairments listed in appendix 1, Subpart P, Regulations No. 4.  (*Id.*)

The ALJ determined that plaintiff has the residual functional capacity to perform a wide range of light work.  (A.R. 16.)  Based on

1 the ALJ's residual functional capacity assessment and testimony from a
2 vocational expert, the ALJ found that plaintiff is capable of performing
3 her past relevant work as a retail cashier. (*Id.*) Accordingly, the ALJ
4 concluded that plaintiff was not under a disability at any time through
5 the date of his decision. (*Id.*)

6
7                          **STANDARD OF REVIEW**
8
9     Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's
10 decision to determine whether it is free from legal error and supported
11 by substantial evidence in the record as a whole. Orn v. Astrue, 495
12 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant
13 evidence as a reasonable mind might accept as adequate to support a
14 conclusion.'" *Id.* (citation omitted). The "evidence must be more than
15 a mere scintilla but not necessarily a preponderance." Connett v.
16 Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). While inferences from the
17 record can constitute substantial evidence, only those "'reasonably
18 drawn from the record'" will suffice. Widmark v. Barnhart, 454 F.3d
19 1063, 1066 (9th Cir. 2006)(citation omitted).

20
21     Although this Court cannot substitute its discretion for that of
22 the Commissioner, the Court nonetheless must review the record as a
23 whole, "weighing both the evidence that supports and the evidence that
24 detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of
25 Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also*
26 Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is
27 responsible for determining credibility, resolving conflicts in medical
28 testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d

1035, 1039-40 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation.  <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005).  However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely."  <u>Orn</u>, 495 F.3d at 630; *see also* <u>Connett</u>, 340 F.3d at 874.  The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'"  <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* <u>Stout v. Comm'r</u>, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); *see also* <u>Burch</u>, 400 F.3d at 679.

**DISCUSSION**

Plaintiff alleges the following three issues:  (1) whether the ALJ properly considered lay witness evidence; (2) whether the ALJ posed a complete hypothetical question to the vocational expert; (3) whether the ALJ accurately represented the vocational expert's testimony.  (Joint Stipulation ("Joint Stip.") at 2.)

**I.  <u>The ALJ's Failure To Address The Lay Witness Evidence Constitutes Error</u>.**

In evaluating the credibility of a claimant's assertions of functional limitations, the ALJ must consider lay witnesses' reported

4

observations of the claimant. *See* <u>Regennitter v. Comm'r</u>, 166 F.3d 1294, 1298 (9th Cir. 1999). "[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [the claimant's] condition." <u>Dodrill v. Shalala</u>, 12 F.3d 915, 918-19 (9th Cir. 1993); 20 C.F.R. § 416.913(d)(4)("we may also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work . . . . Other sources include, but are not limited to . . . spouses, parents and other care-givers, siblings, other relatives, friends, neighbors, and clergy"). "[T]he ALJ can reject the testimony of lay witnesses only if he gives reasons germane to each witness whose testimony he rejects." <u>Smolen v. Chater</u>, 80 F.3d 1273, 1288 (9th Cir. 1996); *accord* <u>Smith v. Bowen</u>, 849 F.2d 1222, 1226 (9th Cir. 1988).

   An ALJ may "properly discount lay testimony that conflict[s] with the available medical evidence" (<u>Vincent v. Heckler</u>, 739 F.2d 1393, 1395 (9th Cir. 1984)), particularly, where, as in <u>Vincent</u>, "lay witnesses [are] making medical *diagnoses*," because "[s]uch medical diagnoses are beyond the competence of lay witnesses and therefore do not constitute competent evidence." <u>Nguyen v. Chater</u>, 100 F.3d 1462, 1467 (9th Cir. 1996)(original emphasis). Where, as here, however, a lay witness testifies about a claimant's *symptoms*, which may affect the claimant's ability to work, such testimony *is* competent evidence and *cannot* be disregarded without comment. *Id*. Further, under <u>Stout</u>, 454 F.3d at 1055, "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have

1  reached a different disability determination."

2

3        Plaintiff contends that the ALJ improperly ignored the lay witness

4  statements of her friend, Joshua John Dana. (Joint Stip at 3.)  In a

5  third party Daily Activities Questionnaire, dated October 19, 2002 (the

6  "Questionnaire"), Mr. Dana provided observations regarding plaintiff's

7  alleged impairments and their impact on plaintiff's daily activities and

8  ability to work. (A.R. 65-70.)  Mr. Dana stated that he "sees plaintiff

9  every day and can attest to her ups and downs because of [her] medical

10 conditions." (A.R. 70.)  He further stated that plaintiff experiences

11 "irregular sleeping patterns," noting that she "sleeps too much,"

12 especially when her blood sugar is not regulated. (A.R. 65-66.)  Mr.

13 Dana observed that plaintiff sometimes needs help completing household

14 chores "when she gets tired or stressed out" and, when "her blood sugar

15 goes up and down, she isn't able to do much." (A.R. 67.)  Mr. Dana

16 further stated that plaintiff normally does not have problems caring for

17 her personal needs, unless her blood sugar is out of control. (A.R.

18 66.)  He indicated that plaintiff is able to read for "2 hours or so at

19 a time [but] she has short term memory lapses." (*Id.*)  He explained

20 that, sometimes when he talks to plaintiff, "she will lose track of

21 certain events or subjects," and she has trouble following instructions,

22 because she "doesn't really retain or recall what she reads or hears."

23 (A.R. 69.)

24

25        Nowhere in the ALJ's decision does he mention Mr. Dana's

26 observations, which both corroborate and expand upon plaintiff's symptom

27 testimony, and the ALJ's failure to do so constitutes error. (A.R. 12-

28 17.)  Specifically, the ALJ should have addressed Mr. Dana's

observations regarding plaintiff's short term memory lapses, difficulty concentrating, and trouble following instructions, because such observations are neither "medical diagnoses" as in Vincent, nor are they entirely cumulative of plaintiff's testimony, as defendant contends.[1] (A.R. 68-69; Joint Stip. at 5-6.)  Further, if Mr. Dana's observations of plaintiff's short term memory lapses, difficulty concentrating, and trouble following instructions are fully credited in conducting a harmless error analysis, as required by Stout, then the Court cannot confidently conclude that "no reasonable ALJ . . . could have reached a different disability determination."   Stout, 454 F.3d at 1056. Therefore, the ALJ's failure to address these observations of Mr. Dana, which if not rejected for proper reasons may require inclusion of additional limitations in the hypothetical posed to the vocational expert, cannot simply be dismissed as harmless error.

On remand, the ALJ must provide proper reasons, if they exist, for rejecting Mr. Dana's statements regarding his observations of the nature and extent of plaintiff's alleged impairments and attendant limitations as discussed above, so that a reviewing court may know the basis for the ALJ's decision and have the ability to assess the propriety of that decision.

///

///

---

[1]   While defendant is correct in asserting that Mr. Dana's observations of plaintiff's fatigue and irregular sleeping patterns are cumulative of plaintiff's symptom testimony, the rejection of which by the ALJ is not challenged here, the ALJ did not explicitly reject and failed to discuss the short term memory loss, difficulty concentrating, and trouble following instructions of which plaintiff complained in her disability reports and testimony and to which Mr. Dana attested in the Questionnaire.  (A.R. 65-70; Joint Stip. at 5-6.)

II.  **Until The ALJ Has Properly Considered The Lay Witness Evidence, The Court Cannot Assess The Adequacy Of The Hypothetical Posed To The Vocational Expert.**

In posing a hypothetical to a vocational expert, the ALJ must accurately reflect all of the claimant's limitations.  <u>Embrey v. Bowen</u>, 849 F.2d 418, 422-24 (9th Cir. 1987).  For the vocational expert's testimony to constitute substantial evidence, the hypothetical question posed must "consider all of the claimant's limitations."  <u>Andrews</u>, 53 F.3d at 1044 (holding that hypothetical questions that do not include all of plaintiff's limitations are insufficient and warrant remand).

Here, as plaintiff contends, the hypothetical given by the ALJ may have been incomplete to the extent that it did not reflect appropriately, in whole or in part, all of plaintiff's limitations, specifically those observed limitations attested to by plaintiff's friend, Joshua John Dana, as discussed in Section I, *supra*.  On remand, the ALJ should either properly reject Mr. Dana's lay witness observations regarding plaintiff's limitations in accordance with the appropriate legal standards, or the ALJ must incorporate any additional limitations established by Mr. Dana into the hypothetical posed to the vocational expert.

III.  **The Testimony Of The Vocational Expert Regarding Plaintiff's Ability To Perform Her Past Relevant Work Is Ambiguous And Should Be Clarified On Remand.**

In his decision, the ALJ relied, in part, on the testimony of the

8

vocational expert to find that plaintiff is capable of performing her past relevant work as a *retail* cashier.  (A.R. 16.)   However, the vocational expert's testimony is ambiguous with respect to plaintiff's ability to perform the actual demands of her past relevant work as a ***retail*** cashier.[2]

Specifically, at the hearing, the ALJ confirmed with the vocational expert that plaintiff's "only past relevant work is a ***retail*** cashier." (A.R. 445, emphasis supplied.)  However, when asked by the ALJ whether plaintiff can perform her past relevant work, the vocational expert stated, "not in a retail environment, Your Honor.  More of a restaurant

---

[2]  At the hearing, the following colloquy took place between the ALJ and the vocational expert:

Q: Do you agree that the only past relevant work is a ***retail*** cashier?

A: Yes, sir.

Q: Any questions that you need to ask on that?

A: No, thank you.

Q: Assuming that we have a 44-year-old individual that has only done that past relevant work with a high school education, who can occasionally lift 20 pounds frequently, can lift 10 pounds, can stand and walk four hours out of an eight hour work day, can sit six hours out of an eight hour work day, with push and pull within the weight limits that I've previously given you.  That person further can climb stairs bus should not do ropes, ladders or scaffolds and should not work at heights and should work in an environmental air-conditioned facility.  Should not have to do work above the shoulder level without driving automotive machinery or any operating of any machinery with any moving parts.  Would that person be able to do the past relevant job as a cashier?

A: ***Well, not in a retail environment, Your Honor.***  More of a restaurant cashier because of the limitation on standing.

(A.R. 445; emphasis supplied.)

9

cashier because of the limitation on standing."[3] (*Id.*)  Notwithstanding the vocational expert's response, the ALJ failed to seek clarification of the vocational expert's testimony and, despite the apparently contradictory testimony given by the vocational expert, concluded that plaintiff "can perform her past relevant work as a **retail** cashier which is well within her functional capacity as testified by the vocational expert at the hearing."  (A.R. 16; emphasis supplied.)

Accordingly, the Court cannot confidently conclude that the vocational expert's testimony constitutes substantial evidence that supports the ALJ's conclusion that plaintiff can perform her past relevant work.  On remand, the ALJ should clarify the precise requirements of plaintiff's past relevant work as a retail cashier, as compared to the requirements of the position of a restaurant cashier, so that a proper disability determination can be made.  To accomplish this, the ALJ may wish to seek additional vocational expert testimony.

**IV.  <u>Remand Is Required</u>.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion.  <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise

---

[3]   Although the vocational expert opined that plaintiff could perform an alternative light and semi-skilled job as a **restaurant** cashier, the requirements for that position are not discussed.  It is therefore unclear whether the actual requirements of a **restaurant** cashier are consistent with plaintiff's limitations as set forth in the hypothetical question posed by the ALJ.

1  this discretion to direct an immediate award of benefits.  *Id.* at 1179

2  ("the decision of whether to remand for further proceedings turns upon

3  the likely utility of such proceedings").   However, where there are

4  outstanding issues that must be resolved before a determination of

5  disability can be made, and it is not clear from the record that the ALJ

6  would be required to find the claimant disabled if all the evidence were

7  properly evaluated, remand is appropriate.  *Id.*

8

9       Here, remand is the appropriate remedy to allow the ALJ the

10 opportunity to remedy the above-mentioned deficiencies and errors.  *See,*

11 *e.g.,* <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004)(remand for

12 further proceedings is appropriate if enhancement of the record would be

13 useful); <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989)

14 (remand appropriate to remedy defects in the record).

15

16                                   **CONCLUSION**

17

18      Accordingly, for the reasons stated above, IT IS ORDERED that the

19 decision of the Commissioner is REVERSED, and this case is REMANDED for

20 further proceedings consistent with this Memorandum Opinion and Order.

21

22      IT IS FURTHER ORDERED that the Clerk of the Court shall serve

23 copies of this Memorandum Opinion and Order and the Judgment on counsel

24 ///

25 ///

26 ///

27 ///

28 ///

11

for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 24, 2009

                                        /s/
                                  MARGARET A. NAGLE
                           UNITED STATES MAGISTRATE JUDGE

12